```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
```

| | |
|---|---|
| DELMAS SEXTON, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:10-CV-217 JVB |
| ) | |
| ALLEN COUNTY SHERIFF, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Delmas Sexton, II, a prisoner confined at the Allen County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Sexton challenges "the legality of his more restrictive restraint in the Allen County Jail ("Jail") to wit: Administrative Segregation." (DE 1 at 1). He states that he arrived at the jail on April 9, 2010, and that on April 12, 2010, he "was classified as a level one (Highest Security) inmate at the jail per the jail classification officer Cullman #C595, and placed in K-Block 3301 on a twenty-three hour a day lock down with one (1) hour recreation hour for telephone use, television, library selection, hygiene, room/cell sanitation with supplies provided." (DE 1 at 2). Petitioner states that on May 11, 2010 he was reclassified as a level two inmate and was let out of his cell longer every day, but remained in administrative segregation. (*Id.*). Then, on June 9, 2010, "due to an erroneous writeup" he states that he was returned to level one security. (*Id.*). Sexton asks the Court to order that he be removed from the administrative segregation unit and placed in general population. (DE 1 at 5).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* This rule

provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

A prison or jail disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of the petitioner's confinement, *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003), such as where the inmate loses good time credits. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998).

Sexton asserts that his placement in administration segregation violates the Fourteenth Amendment's Due Process Clause and may be asserting that the conditions of confinement in the administrative segregation unit violate the Constitution's prohibition against cruel and unusual punishments. These claims are not permitted in a habeas corpus petition, but he can raise them in an action pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (A habeas corpus is the sole federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release; an inmate who challenges the conditions of his confinement must file a § 1983 action). Accordingly, the Court will direct that the clerk enclose the materials necessary to file a § 1983 action along with the copy of this order sent to the petitioner.

For the foregoing reason, the Court DISMISSES the habeas corpus petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The Court DIRECTS the clerk to enclose the materials necessary to file a § 1983 action along with the copy of this order sent to the petitioner.

SO ORDERED on August 24, 2010.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE